IKUTA, Circuit Judge,
dissenting:
Although I agree with the majority that the district court erred in its application of Fed. R.App. P. 4(a)(6), I disagree with the majority’s decision that it can rely on Fed. R.App. P. 4(a)(5) to uphold the district court’s erroneous ruling. In determining whether a party is entitled to relief from a procedural error under Rule 4(a)(5), a district court must apply the factors set forth by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). An en banc panel of this court held that we must “leave the weighing of Pioneer’s equitable factors to the discretion of the district court in every case.” Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir.2004) (en banc). Instead of following Pincay, the majority accepts as fact the Estate’s allegations that ARIC anticipated an appeal, that the thirteen-day delay had no significant impact on the proceedings, and that the electronic failure was beyond the parties’ control. Maj. Op. at 152. The majority then makes its own finding that all of the relevant parties acted in good faith. Id. Based on these findings, the majority resolves the equities in the Estate’s favor.
As noted in oral argument, however, ARIC had no opportunity to argue the equities or dispute any of these supposed facts, and it is not our role here to engage in factfinding. We stated in Pincay that “the decision whether to grant or deny an extension of time to file a notice of appeal should be entrusted to the discretion of the district court because the district court is in a better position than we are” to determine the facts and evaluate the relevant factors. 389 F.3d at 859. Therefore, I would reverse and remand for the district court to exercise its discretion under Rule 4(a)(5).